35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Muhammad EL-AMIN, Plaintiff-Appellant,
v.
Melvin TIREY; Bonnie Foster; Bennie Moore; Jeffrey
Beaver; Rodney Hemby; Charles Ring; Charles L.
Noles; Charles B. Bass; W. Jeffrey
Reynolds, Defendants-Appellees.
 No. 93-6152.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Muhammad El-Amin, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive and declaratory relief, El-Amin sued officials, members of a prison disciplinary board and corrections officers of the Tennessee Department of Corrections (TDOC) in their individual and official capacities. El-Amin alleged that the defendants violated his constitutional rights by charging him with creating a disturbance. After a disciplinary hearing, El-Amin was found guilty and given twenty days punitive segregation.
 
 
 3
 El-Amin alleged that his due process rights were violated in connection with the creating a disturbance charge and the resulting disciplinary hearing because: 1) the prison regulation against creating a disturbance is unconstitutionally vague; 2) the defendants improperly denied El-Amin the opportunity to present live witness testimony at his disciplinary hearing and there was a prison policy prohibiting live witness testimony at all prison disciplinary hearings; 3) the members of the disciplinary board were biased and impartial; and 4) the evidence was insufficient to support a guilty finding on the creating a disturbance charge. El-Amin alleged that the defendants violated his equal protection rights because he was the only inmate charged with creating a disturbance even though other inmates were involved in the incident which led to the charge. He also alleged that he was disciplined and ultimately transferred in retaliation for filing grievances against TDOC employees and for helping other inmates file grievances.
 
 
 4
 The district court granted the defendants summary judgment on all of El-Amin's claims except his claim that defendants Tirey, Noles and Bass violated his due process rights by prohibiting live witness testimony at his prison disciplinary hearing and that the prison had a policy of excluding live witness testimony at all disciplinary hearings. After a bench trial, the district court found in favor of defendants on El-Amin's claim regarding live witness testimony and dismissed El-Amin's Sec. 1983 action.
 
 
 5
 On appeal, El-Amin's brief is construed as arguing those claims which he raised in the district court. He requests oral argument. In his reply brief and for the first time on appeal, El-Amin submitted numerous affidavits from inmates on the long-line who witnessed the events which led to El-Amin's Sec. 1983 complaint. It does not appear that these affidavits were ever submitted to the district court as evidence in support of El-Amin's claims. In response, the defendants have filed a motion to strike the exhibits in El-Amin's reply brief.
 
 
 6
 Initially, we note that the exhibits included in El-Amin's reply brief are stricken from the record because El-Amin's newly submitted evidence was not properly presented to the district court or made part of the district court record and, as a result, it cannot be presented to this court in the first instance for review. Cf. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 We also note that, to the extent El-Amin sued the defendants in their official capacities for monetary relief, the defendants are not subject to suit in that capacity under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 8
 Upon de novo review, we affirm the district court's judgment concerning the summary judgment issue because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The prison regulation against creating a disturbance was not unconstitutionally vague, and El-Amin had fair notice of what conduct was prohibited. See Rios v. Lane, 812 F.2d 1032, 1039 (7th Cir.), cert. dismissed, 483 U.S. 1001 (1987). El-Amin received all the process he was due in connection with his disciplinary hearing, see Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), and there was some evidence to support the decision of the prison disciplinary board. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). The evidence does not show that the defendants violated El-Amin's equal protection rights or that El-Amin was transferred in retaliation for the exercise of his constitutional rights.
 
 
 9
 With regard to El-Amin's live witness testimony claim, the district court conducted a bench trial and ultimately found in favor of the defendants. The district court's findings of fact, that the defendants did not have a policy of excluding live witness testimony at all disciplinary hearings and properly excluded live witness testimony at El-Amin's disciplinary hearing for security reasons, are not clearly erroneous; no mistake was made by the district court. Owens-Illinois, Inc. v. Aetna Casualty & Sur. Co., 990 F.2d 865, 870-71 (6th Cir.1993).
 
 
 10
 Accordingly, we deny El-Amin's request for oral argument, grant the defendant's motion to strike exhibits from the reply brief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.